```
 1  RINOS & MARTIN, LLP
    LINDA B. MARTIN, ESQ. - SBN 105445
 2  A. MICHAEL SABONGUI – SBN 172008
 3  17862 17th Street, Suite 104
    Tustin, California 92780
 4  Telephone: (714) 734-0400
 5  Facsimile: (714) 734-0480               NOTE CHANGES MADE BY THE COURT
    E-Mail: firm@rmlaw.org
 6
 7  Attorneys for Defendants, City of Ontario; Police Chief Jim Doyle individually and in
    his official capacity; Bryce Devey individually and in his official capacity; Chief Eric
 8  Hopley; Officer James Mikkelsen
 9
              UNITED STATES DISTRICT COURT
10   CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES JURISDICTION
11
12  JS individually; KS individually, and, SRS ) CASE NO: CV09-01990 GAF (PJWx)
    individually, by and through their guardian ) (Consolidated w/ CV10-00419 VAP (OPx))
13  ad litem, Sheila Serrano,                  )
                                               ) ASSIGNED FOR ALL PURPOSES TO:
14              Plaintiffs,                    ) The Honorable Judge Gary A. Feess
                                               ) Complaint Filed: March 25, 2009 and March 19,
15  vs.                                        ) 2010
                                               )
16  City of Ontario; Ontario Police Department;)
17  Police Chief Jim Doyle individually and in ) PROTECTIVE ORDER
    his official capacity; Bryce Devey         )
18  individually and in his official capacity; )
    Gabriel Gutierrez individually and in his  )       Note Court's
19  official capacity; Guillermo Rivera        )       Changes.
20  individually and in his official capacity; and )
    Does 1-10,                                 )
21                                             )
22              Defendants.                    )
                                               )
23  _____)
24
         IT IS HEREBY ORDERED that all internal investigation, personnel,
25
    employment, and training records relating to defendant CITY OF ONTARIO's police
26
    officers, namely Officers Brice Devey, Gabriel Gutierrez and Guillermo Rivera that are
27
28                                            1
                                    PROTECTIVE ORDER
```

to produced in this litigation, and specifically as ordered by Honorable Patrick J. Walsh, on November 30, 2010 are subject to a PROTECTIVE ORDER as follows:

It is hereby ORDERED that after the completion of the litigation, all copies of the documents stated above, and produced in this litigation, shall be immediately returned to Rinos and Martin, LLP within 10 days thereafter. Upon dismissal of this above captioned case, all copies of records, if not returned, shall be immediately destroyed and counsel for Rinos & Martin shall be informed of the specific records that have been destroyed. The following paragraphs pertaining to the above referenced documents, are also ORDERED:

1. The records ORDERED for production, pursuant to Judge Patrick Walsh's Order on the November 30, 2010 hearing, are as follows:

    a. Police Report and Electronic Recordings re incident dated July 16, 2009
    b. Police Report and Electronic Recordings re incident May 8, 2008
    c. Police Report and Electronic Recordings re incident dated July 25, 2006
    d. Administrative Report dated April 21, 2009
    e. Administrative Report dated August 26, 2006
    f. Administrative Report dated May 11, 2007
    g. Training Records of Officer Devey
    h. Training Records of Officer Gutierrez
    i. Training Records of Officer Rivera
    j. Personnel Records of Officer Devey (Commendations and Personnel Evaluations Only.)
    k. Personnel Records of Officer Gutierrez (Commendations and Personnel Evaluations Only.)
    l. Personnel Records Officer Rivera (Commendations and Personnel Evaluations Only.)
    m. *Internal Affairs files relating to 6 incidents involving Defendant Gutierrez.* [handwritten]

2. All files and records produced to counsel may only be disclosed to the following persons:

---

**PROTECTIVE ORDER**

1      a.     Counsel for any party and any party to this litigation;

2      b.     Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

3      c.     Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental for preparation of trial.

4      d.     Any outside expert, consultant, or individual retained in connection with this action, and not otherwise employed by either party.

3. Nothing pursuant to this protective order is intended to prevent officials or employees of the City of Ontario or other authorized governmental officials from having access to any documents if they would have had access to said documents in the normal course of their job duties.

4. All information, if any, identifying private information of the CITY OF ONTARIO POLICE OFFICERS, including personal information such as residence addresses, dates of birth, social security numbers, will be redacted.

5. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in an envelope clearly marked as follows: "CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER" UNDER SEAL FILINGS GOVERNED BY LOCAL RULE 79-5. PJW

IT IS SO ORDERED:

DATED: 11/30, 2010

Hon. Patrick J. Walsh
United States District Court

3

**PROTECTIVE ORDER**